Where a *certiorari* has been granted to obtain the judge's certificate, due diligence must be used to have it returned, or the appeal will be dismissed.

## PRUDHOMME vs. MURPHY.

APPEAL from the court of the sixth district.

MARTIN J. delivered the opinion of the court. The appellant has moved to have the judgment reversed and the case remanded for trial, urging that, without any fault on his part, the transcript is not in a situation to enable us to examine the merits of the case.

His counsel has made affidavit that in May, 1824, he procured the certificate of the judge *a quo,* that the record contains the whole evidence on which the case was heard, and handed it to the clerk, who neglected to annex it to the record. That on this a *certiorari* was obtained from this court in September 1824, directing the judge to transmit a certificate—that the counsel gave notice of this to the judge, who said he would examine the record and furnish the certificate, which, however, he did not do, and died in May, 1826.

We think sufficient dilligence has not been used to justify us in depriving the appellee of his judgment.

West'n Dis'ct
Oc.ober, 1826

PRUDHOMME
vs.
MURPHY.

It does not appear the *certiorari* was taken out : none is returned. The counsel shews only a verbal application to the judge, the time of which is not stated. The certificate obtained, in fine, is not alleged to be lost, and for any thing sworn to, is still in the clerk's office. The judge lived a year and eight months after the *certiorari* was applied for. The counsel could not well expect to receive a new certificate *de plano*, without giving the judge time to examine the record, and he rested satisfied with the judge's promise to furnish the certificate, without once calling for it. If death prevented the judge from making the certificate, the counsel must have been quiet for upwards of a year, and if he applied early, there was abundance of time to call for the certificate, after the judge had time to satisfy himself of the propriety of granting it, by an inspection of the record.

As we are unable, from the state of the record, to revise the judgment, the appeal must be dismissed with costs.

*Rost* for the plaintiff, *Morris* for the defendant.